KAHN, J.T.C.
This litigation involves the corporation business tax (CBT), and this court’s review of a determination of the Director of the Division of Taxation denying a request by plaintiff to offset its overpayments thereunder against CBT obligations of two related corporations which ultimately merged into plaintiff. Based upon undisputed facts, the issue was crystallized by cross motions for summary judgment.
The original corporate structure of the relevant companies was as follows. Sea-Land Service, Inc. (Plaintiff), was a wholly-owned subsidiary of Sea-Land Corporation (Parent). In addition, plaintiff was the parent company of a wholly-owned subsidiary called Reynolds Leasing Corporation (RLC). All three of these entities were incorporated under Delaware law. On December 8, 1986, RLC was merged into plaintiff, leaving plaintiff as a wholly-owned subsidiary of parent. On April 3, 1989, parent was also merged into plaintiff, leaving only plaintiff.
Defendant, Director of the Division of Taxation, found that the CBT liability of parent with interest for the years 1984 through 1988 totaled $362,301, and that the liability with interest of RLC for the years 1985 and 1986 totaled $262,384. Together, the total CBT liability of both companies equaled $624,685. Because of the mergers, plaintiff became responsible for all of the liabilities and obligations of both merged companies. On January 13, 1994, plaintiff paid the tax deficiencies accrued by the merged companies.
During this same audit period, the director determined that plaintiff, before the mergers, overpaid its taxes in the years 1984, 1986, and 1987. This overpayment totaled $1,303,964. In addition, it was found that plaintiff underpaid its CBT by $324,780 for the years 1985 and 1989.
*134 On May 19, 1994, plaintiff requested a refund of the overpayment determined by the director. The total refund requested was $1,585,278, a figure taken from director’s estimate. Later, in September 1994, the overpayment was found to be, in actuality, $1,303,964, and on December 3, 1994, plaintiff filed a protest seeking this full refund.
On September 8, 1994, the director concluded the audit and issued a Notice of Assessment Related to Final Audit Determination, in which the director offset plaintiff’s pre-merger underpayments of $324,780 against its total overpayments of $1,303,964, leaving nothing due from plaintiff. Plaintiff and defendant agree that plaintiff was left with a total pre-merger overpayment of $979,184. The correspondence involving the audit confirms this, but makes no provision for a refund of these monies.
Plaintiff protested these findings and sought a refund of the remaining $979,184 in overpayments determined by the director. A conference with regard to this matter was held on March 16, 1995. During this conference, a discussion was also held as to whether the $624,685 liability paid by plaintiff on January 13, 1994, to cover the deficiencies of RLC and parent should have been offset against the $979,184 overpayment. The director’s final determinations on August 25, 1995, and September 13, 1995, denied plaintiffs refund claim and found an offset as requested to be impermissible.
Director and plaintiff agree that plaintiff is out of time under N.J.S.A. 54:49-14 for a refund of overpayment. Director notes that although N.J.S.A. 54:49-14 was amended to extend the period for filing a claim for a refund where, as in this case, there has been an agreement extending the period for assessment, this amendment was intended to take effect on July 1,1993.
Plaintiff argues that N.J.S.A. 54:49-16 is applicable in this case, and that this “Offset Statute” requires that plaintiffs tax liabilities be offset with its overpayments. The statute states:
*135 Where no questions of fact or law are involved and it appears from the audit of any taxpayer that a State tax has been erroneously or illegally collected from such taxpayer, or has been paid by such taxpayer under a mistake of fact or law, the director may, within the time in which a deficiency assessment of that tax may be made, credit the erroneous overpayment of tax to the account of the taxpayer to offset the amount of a deficiency assessment; provided, however, that a credit shall only be applied to offset a liability for a period covered by the assessment period and shall only be granted with respect to a deficiency assessment made by the director under the same State tax as the erroneous overpayment.
[N.J.S.A. 54:49 — 16(b).]
Plaintiff asserts that it meets the requirements of the statute which would allow for an offset of its liabilities. These three requirements are that (1) an audit found an erroneous overpayment of a tax, (2) a deficiency was assessed against the taxpayer for the same audit period, and (3) both the deficiency assessment and the overpayment arise under the same state tax. Plaintiff points out that it made a net overpayment of $979,184 and was assessed a deficiency of $624,685, and that both the overpayment and the deficiency assessment are of the New Jersey Corporation Business Tax.
In reading the plain language of the statute, plaintiff disputes the director’s assertion that there can be no offset because the deficiencies arose from the other pre-merger companies, and the overpayment was made by plaintiff. Plaintiff asserts that because it is responsible for both the overpayment and the deficiencies, it is the taxpayer in both situations. The statute, according to plaintiff, does not allow for a tracing of the deficiencies to the parties originally liable.
Director concedes that plaintiff had the right to offset its deficient payments with its overpayments, but asserts that the offset was already made by deducting plaintiffs underpayment of $324,780 from its overpayment of $1,303,964. Director asserts that plaintiff has only the right to offset its own deficiencies and that the deficiencies of the other pre-merger companies are not plaintiffs “own” for the purposes of the statute. Both parties agree that the court must use the plain meaning of the statute when it is unambiguous on its face. However, whereas plaintiff reads the plain meaning of the statute to disallow tracing of *136 deficiencies, director reads the plain meaning of the statute to define “taxpayer” as being the same taxpayer at all relevant times.
In addition, where plaintiff reads “same tax” in N.J.S.A. 54:49-16 to mean the same kind of tax, namely in this case corporation business tax, director reads it to mean the same tax attributed to the same taxpayer during the same taxing period.
As there is no dispute between the parties as to material facts, summary judgment is the appropriate relief in this case. The sole issue is whether plaintiff is the same taxpayer involved for the purposes of offsetting the aforementioned tax deficiencies with plaintiffs overpayment of taxes. The three corporations, plaintiff, parent, and RLC, were separate entities at the time when the deficiencies arose and the overpayment was made. Plaintiff cannot now claim that its current status as a single entity is retroactive to that time. This is true despite the fact that N.J.S.A. 14A:10-6, commonly known as the Corporation Business Act, states that after a merger:
[A] surviving or new corporation shall, to the extent consistent with its certificate of incorporation as amended or established by the merger or consolidation, possess all the rights, privileges, powers, immunities, purposes and franchises, both public and private, of each of the merging or consolidating corporations.
[N.J.S.A. 14A:10-6(c).]
In Richard’s Auto City, Inc. v. Director, Div. of Taxation, 140 N.J. 523, 659 A.2d 1360 (1995), rev’g 270 N.J.Super. 92, 636 A.2d 572 (App.Div.1994), rev’g 12 N.J.Tax 619 (Tax 1992) the Court quoted the lower court for the proposition that “[t]he CBT act is a tax on a single entity,” and “that is ... reflected in the fact that consolidated tax returns have never been permitted under the CBT act.” Id. at 532, 659 A.2d 1360 (quoting Richard’s Auto City, Inc. v. Director, Div. of Taxation, 12 N.J. Tax 619, 628 (Tax 1992). In that case, the tax dispute surrounded net operating loss rather than an offset, but the reasoning is the same.
The flaw in [plaintiffs] position is that it would, in effect, give tax recognition to the losses of a non-taxpayer corporation. “There is nothing,” however, in the provisions granting the net loss carryovers that permits “one taxable entity” to assume the tax deductions “of another entity after a statutory merger.”
[Id. (citation omitted).]
*137 The same thing would happen here, though in reverse. Allowing plaintiff to offset the deficiencies of parent and RLC with its own overpayments would be giving recognition to the three entities as the same taxpayer. Although plaintiff is responsible for the liabilities of RLC and parent, it cannot be asserted that the three entities have become a single taxpayer for the audit period. This is so, despite the wording of N.J.S.A. 14A:10-6. Indeed, the Court in Richard’s Auto City, Inc., supra, specifically refutes the relevance of N.J.S.A. 14A:10-6 in such a ease. In doing so, the Court, quoting the lower court’s decision, Richard’s Auto City, Inc. v. Director, Div. of Taxation, 12 N.J. Tax 619 (Tax 1992), stated:
The Tax Court, however, rejected the claim that the “rights and privileges” that Auto City inherited from Catena included the loss carryovers “it seeks to deduct ... as the surviving corporation in the merger.” 12 N.J. Tax at 637. The Tax Court concluded that "there is no basis for construing the CBT act in pari materia with the New Jersey Corporation Business Act, specifically N.J.S.A. 14A:10-6.” Ibid. It pointed out that “the two acts deal with different subjects (corporate law and tax law), have different purposes and are clearly not part of a single comprehensive plan.” Id. at 637-38.
“Statutes are considered to be in pari materia when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object.” 2B Norman J. Singer, Sutherland Statutory Construction, § 51.03, at 138 (5th ed. 1992).
[Richard’s Auto City, Inc., supra, 140 N.J. at 540, 659 A.2d 1360.J
Under the facts of this case, the court cannot find that the Corporation Business Act has any bearing on the tax laws of this state. For this reason, this court finds that defendant has satisfied N.J.S.A. 54:49-16 fully in allowing only an offset of plaintiffs own pre-merger deficiencies with plaintiffs overpayments. The deficiencies of the other two entities cannot be offset with these funds. This court therefore grants summary judgment to Director, Division of Taxation, and dismisses plaintiffs complaint.